IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| CHARLES D. HENDERSON, JR. | ) | |
| | ) | |
| v. | ) | No. 2:13-0042 |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
|     Acting Commissioner of | ) | |
|     Social Security | ) | |

To: The Honorable John T. Nixon, Senior District Judge

# **REPORT AND RECOMMENDATION**

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying Plaintiff's claim for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI"), as provided by the Social Security Act ("the Act"). The case is currently pending on Plaintiff's motion for miscellaneous relief (Docket Entry No. 13),[1] to which Defendant has filed a response (Docket Entry No. 14).

Upon review of the administrative record as a whole and consideration of the parties' filings, the Court recommends that Plaintiff's motion for miscellaneous relief (Docket Entry No. 13) be GRANTED, the decision of the Social Security Administration be reversed, and this matter be remanded for further administrative proceedings consistent with this Report.

---

[1] Plaintiff labels this document as a "Response" to Defendant's answer to the complaint. Docket Entry 13. This document is effectively a motion for judgment on the pleadings, however, as it requests "judgment" and the "granting of SSI Disability Status to the Plaintiff." Docket Entry 13 at 2.

# I. INTRODUCTION

Plaintiff protectively filed for a period of disability, DIB, and SSI in February of 2011. *See* Transcript of the Administrative Record (Docket Entry No. 12),[2] at 17, 52-53. He alleged a disability onset date of June 5, 2009. AR 17. Plaintiff asserted that he was unable to work because of muscle, ligament, and fascia disorders, osteoarthritis and allied disorders, as well as discogenic and degenerative back disorders. AR 52-55.

Plaintiff's applications were denied initially and upon reconsideration. AR 56-63. Pursuant to his request for a hearing before an administrative law judge ("ALJ"), Plaintiff appeared with counsel and testified at a hearing before ALJ Joan A. Lawrence on September 27, 2011. AR 29. On January 6, 2012, the ALJ issued a decision unfavorable to Plaintiff. AR 14-16. On March 20, 2013, the Appeals Council denied Plaintiff's request for review of the ALJ's decision, AR 1-6, thereby making the ALJ's decision the final decision of the Commissioner. This civil action was thereafter timely filed, and the Court has jurisdiction. 42 U.S.C. § 405(g).

# II. THE ALJ FINDINGS

The ALJ issued an unfavorable decision on January 6, 2012. AR 14-24. Based upon the record, the ALJ made the following enumerated findings:

1. The claimant meets the insured status requirements of the Social Security Act through June 30, 2012.

---

[2] The Transcript of the Administrative Record is hereinafter referenced by the abbreviation "AR" followed by the corresponding page number(s). All other filings are hereinafter referenced by the abbreviation "DE" followed by the corresponding docket entry number and page number(s), where appropriate.

2. The claimant has not engaged in substantial gainful activity since June 5, 2009, the alleged onset date (20 CFR 404.1571 *et seq*., and 416.971 *et seq*.).

3. The claimant has the following severe impairments: total left knee arthroplasty surgery, lumbar spine degenerative disc disease and reported history of multiple surgeries (20 CFR 404.1520(c) and 416.920(c)).

\*\*\*

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

\*\*\*

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he can do no climbing of ladders or crawling, and only occasional climbing of stairs, balancing, stooping, bending, crouching or kneeling.

\*\*\*

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

\*\*\*

7. The claimant was born on March 12, 1968 and was 41 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969 and 416.969(a)).

***

11. The claimant has not been under a disability, as defined in the Social Security Act, from June 5, 2009, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

AR 19-24.

## III. REVIEW OF THE RECORD

The parties and the ALJ have thoroughly summarized and discussed the medical and testimonial evidence of the administrative record. Accordingly, the Court will discuss those matters only to the extent necessary to analyze the parties' arguments.

## IV. DISCUSSION AND CONCLUSIONS OF LAW

### A. Standard of Review

The determination of disability under the Act is an administrative decision. The only questions before this Court upon judicial review are: (i) whether the decision of the Commissioner is supported by substantial evidence, and (ii) whether the Commissioner made legal errors in the process of reaching the decision. 42 U.S.C. § 405(g). *See Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971) (adopting and defining substantial evidence standard in context of Social Security cases); *Kyle v. Comm'r Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010); *Landsaw v. Sec'y of Health & Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986).

Substantial evidence is defined as "more than a mere scintilla" and "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401 (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S. Ct. 206, 83 L. Ed. 126 (1938));

*Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). The Commissioner's decision must be affirmed if it is supported by substantial evidence, "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003); *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999)).

The Court's review of the Commissioner's decision is limited to the record made in the administrative hearing process. *Jones v. Secretary*, 945 F.2d 1365, 1369 (6th Cir.1991). A reviewing court may not try the case *de novo*, resolve conflicts in evidence, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citing *Myers v. Richardson*, 471 F.2d 1265, 1268 (6th Cir. 1972)). The Court must accept the ALJ's explicit findings and final determination unless the record as a whole is without substantial evidence to support the ALJ's determination. 42 U.S.C. § 405(g). *See, e.g., Houston v. Sec'y of Health & Human Servs.*, 736 F.2d 365, 366 (6th Cir. 1984).

**B. Determining Disability at the Administrative Level**

The claimant has the ultimate burden of establishing an entitlement to benefits by proving his "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d) (1)(A). The asserted impairment(s) must be demonstrated by medically acceptable clinical and laboratory diagnostic techniques. *See* 42 U.S.C. §§ 423(d)(3) and 1382c(a)(3)(D); 20 CFR §§ 404.1512(a), (c),

and 404.1513(d). "Substantial gainful activity" not only includes previous work performed by Plaintiff, but also, considering Plaintiff's age, education, and work experience, any other relevant work that exists in the national economy in significant numbers regardless of whether such work exists in the immediate area in which Plaintiff lives, or whether a specific job vacancy exists, or whether Plaintiff would be hired if he applied. 42 U.S.C. § 423(d)(2)(A).

In the proceedings before the Social Security Administration, the Commissioner must employ a five-step, sequential evaluation process in considering the issue of the claimant's alleged disability. *See Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001); *Abbot v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). First, the claimant must show that he is not engaged in "substantial gainful activity" at the time disability benefits are sought. *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007); 20 CFR §§ 404.1520(b), 416.920(b). Second, the claimant must show that he suffers from a severe impairment that meets the twelve month durational requirement. 20 CFR §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). *See also Edwards v. Comm'r of Soc. Sec.*, 113 F. App'x 83, 85 (6th Cir. 2004). Third, if the claimant has satisfied the first two steps, the claimant is presumed disabled without further inquiry, regardless of age, education or work experience, if the impairment at issue either appears on the regulatory list of impairments that are sufficiently severe as to prevent any gainful employment or equals a listed impairment. *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006); 20 CFR §§ 404.1520(d), 416.920(d). A claimant is not required to show the existence of a listed impairment in order to be found disabled, but such a showing results in an automatic finding of disability that ends the inquiry. *See Combs, supra*; *Blankenship v. Bowen*, 874 F.2d 1116, 1122 (6th Cir. 1989).

If the claimant's impairment does not render him presumptively disabled, the fourth step evaluates the claimant's residual functional capacity in relationship to his past relevant work. *Combs, supra*. "Residual functional capacity" ("RFC") is defined as "the most [the claimant] can still do despite [his] limitations." 20 CFR § 404.1545(a)(1). In determining a claimant's RFC, for purposes of the analysis required at steps four and five, the ALJ is required to consider the combined effect of all the claimant's impairments, mental and physical, exertional and nonexertional, severe and nonsevere. See 42 U.S.C. §§ 423(d) (2)(B), (5)(B); *Foster v. Bowen*, 853 F.2d 483, 490 (6th Cir.1988). At the fourth step, the claimant has the burden of proving an inability to perform past relevant work or proving that a particular past job should not be considered relevant. *Cruse*, 502 F.3d at 539; *Jones*, 336 F.3d at 474. If the claimant cannot satisfy the burden at the fourth step, disability benefits must be denied because the claimant is not disabled. *Combs, supra*.

If a claimant is not presumed disabled but shows that past relevant work cannot be performed, the burden of production shifts at step five to the Commissioner to show that the claimant, in light of the claimant's RFC, age, education, and work experience, can perform other substantial gainful employment and that such employment exists in significant numbers in the national economy. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (quoting *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997)). *See also Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). To rebut a *prima facie* case, the Commissioner must come forward with proof of the existence of other jobs a claimant can perform. *Longworth*, 402 F.3d at 595. *See also Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 528 (6th Cir. 1981), *cert. denied*, 461 U.S. 957, 103 S. Ct. 2428, 77 L. Ed. 2d 1315 (1983) (upholding the validity of the medical-vocational guidelines grid as a means for the Commissioner of carrying his burden under

appropriate circumstances). Even if the claimant's impairments prevent the claimant from doing past relevant work, if other work exists in significant numbers in the national economy that the claimant can perform, the claimant is not disabled. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 652 (6th Cir. 2009). *See also Tyra v. Sec'y of Health & Human Servs.*, 896 F.2d 1024, 1028-29 (6th Cir. 1990); *Farris v. Sec'y of Health & Human Servs.*, 773 F.2d 85, 88-89 (6th Cir. 1985); *Mowery v. Heckler*, 771 F.2d 966, 969-70 (6th Cir. 1985).

If the question of disability can be resolved at any point in the sequential evaluation process, the claim is not reviewed further. 20 CFR § 404.1520(a)(4). *See also Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988) (holding that resolution of a claim at step two of the evaluative process is appropriate in some circumstances).

### C. The ALJ's Five-Step Evaluation of Plaintiff

In the instant case, the ALJ resolved Plaintiff's claim at step five of the five-step process. The ALJ found that Plaintiff met the first two steps, AR 19, but found at step three that Plaintiff was not presumptively disabled because he did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. AR 19-20. At step four, the ALJ found that Plaintiff's impairments rendered him unable to perform any past relevant work, AR 23, thus triggering the fifth step of the inquiry. At step five, the ALJ found that Plaintiff's RFC allowed him to perform light work with certain limitations as set out in the ALJ's findings, AR 20-23, and that, considering his age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. AR 23-24.

### D. Plaintiff's Assertions of Error

Plaintiff does not provide any specific assertions of error, but instead argues that the Commissioner's denial of benefits was "unfounded" and requests that the decision be reversed and benefits be awarded. DE 13 at 1.

Sentence four of 42 U.S.C. § 405(g) states as follows:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

42 U.S.C. §§ 405(g), 1383(c)(3). "In cases where there is an adequate record, the Secretary's decision denying benefits can be reversed and benefits awarded if the decision is clearly erroneous, proof of disability is overwhelming, or proof of disability is strong and evidence to the contrary is lacking." *Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985). Furthermore, a court can reverse the decision and immediately award benefits if all essential factual issues have been resolved and the record adequately establishes a claimant's entitlement to benefits. *Faucher v. Secretary*, 17 F.3d 171, 176 (6th Cir. 1994). *See also Newkirk v. Shalala*, 25 F.3d 316, 318 (1994). Plaintiff's argument is addressed below:

### 1. Whether the Commissioner's Decision is Supported by Substantial Evidence

Plaintiff's lone argument is that his complete medical history was not given proper consideration by the ALJ. DE 13 at 2. Plaintiff includes multiple documents with his motion that were not available to the ALJ at the time of the hearing. DE 13-1 through DE 13-11. Plaintiff claims that the "exclusion of these important medical records helped to ensure a denial of [his]

9

claims . . . ." DE 13-9 at 3.[3] Plaintiff has attached several exhibits in support of this contention, including a letter from Dr. Kurt P. Spindler regarding Plaintiff's knee injuries. The letter, dated June 12, 2013, states that Dr. Spindler performed an ACL reconstruction surgery on Plaintiff in December of 2004. DE 13-3 at 2. Dr. Spindler also states that Plaintiff is wheelchair dependent "due to congenital problems with both knees," and that Plaintiff is consequently unable to work. *Id*. Plaintiff also attaches a form medical opinion from Dr. Brian S. Waggoner, dated August 2, 2013, in which Dr. Waggoner states that Plaintiff is "incapable of sedentary activities." DE 13-11 at 7. Additionally, Plaintiff attaches a letter from advanced practice nurse Amy Powers, dated June 7, 2013, in which Ms. Powers states that Plaintiff suffers from lumbar disc degeneration, lumbar spondylosis, old compression fractures at the L1-L2 levels, right leg length discrepancy, foraminal stenosis, and neck pain related to postlaminectomy syndrome. *Id*. at 3. Ms. Powers, who states that she has treated Plaintiff for two years, also makes the following observations:

> Due to his chronic intractable pain [Plaintiff] requires a rather high level of narcotic pain medications. He must take these on a daily basis to maintain a certain quality of life. Of course, with these medications come side effects that may render difficulties in other area[s] of [his] life such as employment. He is evaluated on a monthly basis.

*Id*. Plaintiff also includes an MRI report demonstrating multilevel degenerative disc disease extending from the L1 through S1 levels. *Id*. at 4.[4] Finally, Plaintiff attaches what is purportedly a list of the surgeries he has undergone since 1984. DE 13-10 at 2. The unauthenticated document

---

[3] The referenced exhibit is a copy of Plaintiff's complaint.

[4] The Court notes that this exhibit is part of the Administrative Record. AR 338-39.

shows thirty-two procedures performed by various doctors, including rhinoplasty, knee replacement, shoulder reconstruction, and cervical discectomy.[5] *Id*.

Plaintiff also claims in his complaint that "medical reports from doctors Rupert and Sills regarding [his] nerve damage were not considered" by the ALJ. DE 13-9 at 3. This appears to reference office notes from September 8, 2010, AR 360-61, and October 14, 2010, AR 368-69, both of which involve treatment for Plaintiff's lower back pain.[6] There are also records documenting epidural steroid injections that Plaintiff received from Dr. Matthew Rupert on September 8 and 21 in 2010. AR 363-66. Although these documents were added to the record in an order dated March 20, 2013, AR 5-6, the Appeals Council ultimately denied Plaintiff's request for review of the ALJ's decision. AR 1-4. The Court notes that these documents were added to the record on March 20, 2013, which was over one year after the ALJ issued her opinion. AR 14. As such, the ALJ did not have access to these records at the time she issued her decision.

In response, Defendant argues that there is substantial evidence in the record to support the ALJ's decision. DE 14 at 5-7. Defendant notes that the ALJ discussed Plaintiff's knee injuries and subsequent surgeries in 2004 and 2008 before noting that in June of 2010, Plaintiff rated his pain at just one out of ten. *Id*. at 5. Defendant further points to the ALJ's discussion of the 2010 MRI of Plaintiff's lumbar spine, which demonstrated degenerative disc disease and lateral recess stenosis with nerve root compression, AR 338, but did not show evidence of central canal stenosis. DE 14 at 5-6; AR 338. Defendant also relies on the ALJ's assertion that Plaintiff demonstrated "full range

---

[5] Plaintiff testified that he has undergone thirty-one total surgeries over the past twenty-one years. AR 34-35.

[6] There is no signature page included with the office notes, although the heading on each record references the "referring provider," Dr. Allen Sills. AR 360, 368.

of motion in both knees" during an examination with Dr. Donita Keown on April 30, 2010, AR 295-97. The Court notes, however, that Dr. Keown did not specifically state that Plaintiff had a full range of motion in his knees, as she did after examining Plaintiff's elbows, wrists, and hands, AR 297, but instead stated that Plaintiff "will flex [his left knee] 130 degrees and extend to 0 degrees," and "[r]ight knee flexion 140 degrees and extension 0 degrees." AR 296.

Defendant also argues that the additional evidence submitted by Plaintiff is untimely and should not be used as a basis to remand this case. AR 7-10. Defendant relies on the Sixth Circuit's opinion that a court may only remand a case for consideration of additional evidence if it is material and there is good cause for failing to submit such evidence into the record in a prior proceeding. *Oliver v. Sec'y of Health & Human Servs.*, 804 F.2d 964, 966 (6th Cir. 1986). The party seeking remand bears the burden of showing that a remand is proper under 42 U.S.C. § 405, *id.* (citing *Willis v. Sec'y of Health & Human Servs.*, 727 F.2d 551 (6th Cir. 1984)), and the Sixth Circuit has delineated the evidence that may be reviewed by a district court:

> The court is confined to review evidence that was available to the [Commissioner], and to determine whether the decision of the [Commissioner] is supported by substantial evidence. Where a party presents new evidence on appeal, this court can remand for further consideration of the evidence only where the party seeking remand shows that the new evidence is material.

*Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993) (quoting *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680 (6th Cir. 1992)).

The Court agrees with Defendant that Plaintiff has not met his burden in demonstrating good cause for failing to submit the additional evidence attached to his motion to the ALJ before the January 6, 2012 decision. The opinions of Dr. Spindler, Dr. Waggoner, and Amy Powers, APN, were all provided more than one year after the ALJ reached her decision. DE 13-3 at 2; DE 13-11

at 3, 7. Both Dr. Spindler and Ms. Powers state in their opinions that they treated Plaintiff *before* his hearing with the ALJ. DE 13-3 at 2; DE 13-11 at 3. Plaintiff provides no explanation as to why these opinions could not have been obtained prior to the hearing with the ALJ. There is no indication that Dr. Waggoner treated Plaintiff prior to his August 2, 2013 opinion, but Plaintiff has not explained why he did not obtain and submit this opinion to the ALJ before the September 27, 2011 hearing.

The Sixth Circuit has explained the process for consideration of any additional evidence submitted to the Appeals Council after a hearing with the ALJ has concluded:

> [W]here the Appeals Council considers new evidence but declines to review a claimant's application for disability insurance benefits on the merits, the district court cannot consider that new evidence in deciding whether to uphold, modify, or reverse the ALJ's decision. The district court can, however, remand the case for further administrative proceedings in light of the evidence, if a claimant shows that the evidence is new and material, *and that there was good cause for not presenting it in the prior proceeding*.

*Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996) (citing *Cotton*, 2 F.3d at 696) (emphasis added). Although the records submitted by Plaintiff are undoubtedly material documents that demonstrate a worsening lower back condition, Plaintiff has not provided good cause for failing to present such evidence before or during his hearing with the ALJ. As such, the Court does not remand pursuant to sentence six of 42 U.S.C. § 405(g) for consideration of the additional evidence submitted by Plaintiff.

Nevertheless, the Court finds that this case should be remanded pursuant to sentence four of 42 U.S.C. § 405(g) due to the ALJ's failure to provide good reasons for dismissing the opinion of Plaintiff's treating physician, Dr. Richard Williams, and the ALJ's failure to consider relevant

13

medical evidence. On May 28, 2009, Dr. Williams opined that Plaintiff's overall condition was severely debilitating:

> [I] honestly believe [Plaintiff] presents with an extraordinary case for considering early permanent total disability for his generalized musculoskeletal problems – bilateral shoulder degenerative changes and bilateral knee degenerative joint disease. As such, it would not at all be unreasonable to recommend permanent restrictions with respect to the amount of daily standing, walking, lifting, carrying, climbing, stooping, squatting, and crawling, as well as limits on manipulative activities, push/pull, etc.

AR 291. Defendant is correct that any decision as to whether a claimant is disabled is reserved for the Commissioner, not a treating physician. DE 14 at 8. However, any such opinion provided by a medical source may not be ignored by the ALJ:

> [A]djudicators must always carefully consider medical source opinions about any issue, including opinions about issues that are reserved to the Commissioner. For treating sources, the rules also require that we make every reasonable effort to recontact such sources for clarification when they provide opinions on issues reserved to the Commissioner and the bases for such opinions are not clear to us.

SSR 96-5p, 1996 WL 374183, at *2 (S.S.A. July 2, 1996). Additionally:

> [O]pinions from any medical source on issues reserved to the Commissioner must never be ignored. The adjudicator is required to evaluate all evidence in the case record that may have a bearing on the determination or decision of disability, including opinions from medical sources about issues reserved to the Commissioner. If the case record contains an opinion from a medical source on an issue reserved to the Commissioner, the adjudicator must evaluate *all* the evidence in the case record to determine the extent to which the opinion is supported by the record.

*Id*. at *3 (emphasis added). In the instant case, the Court finds that the ALJ failed to adequately explain the basis for her rejection of Dr. Williams' opinion. On April 19, 2010, Dr. Williams recommended the following permanent restrictions in light of Plaintiff's knee condition: no stooping, squatting, crawling or climbing; a limit of three to four hours of standing and walking per day; a limit of lifting no more than fifty pounds occasionally and twenty-five pounds frequently; and

14

"limited lift and carry." AR 312. The ALJ explained her decision to dismiss the opinion of Dr. Williams in a single sentence:

> The opinion of treating physician Richard I. Williams, M.D., restricting climbing, stooping and crouching (Exhibit B6F) is not supported by the overall evidence of record, which shows that the [Plaintiff] has adequate range of motion, self-stated pain of one on a scale of one to ten with activity, and no limp when he was examined by Dr. [Donita] Keown (Exhibits B4F and B6F).

AR 22 (emphasis added). Although the ALJ cites two exhibits in this sentence, one involving a June 29, 2010 office visit with physician assistant Kristine Germann and the other involving Dr. Keown's examination on April 30, 2010, the ALJ's stated reasons for rejecting Dr. Williams' opinion appear to be a quote from a Physical Residual Functional Capacity Assessment completed by Dr. Celia M. Gulbenk on November 19, 2010. AR 344-52. Dr. Gulbenk, who did not examine Plaintiff, wrote that Dr. Williams' opinion "restricting climbing and stooping and crouching [is] not supported as [Plaintiff] has adequate ROM, self stated pain 1/10 with activity, no limp," AR 350, which is nearly identical to the ALJ's basis for rejecting Dr. Williams' opinion. AR 22. Despite essentially quoting Dr. Gulbenk's opinion to dismiss Dr. Williams' opinion, the ALJ then proceeds to discount Dr. Gulbenk's opinion:

> No weight is given to the stand and walking restrictions opined by Dr. Gulbenk, as they are inconsistent with the [Plaintiff's] adequate range of motion in the lower extremities, full muscle strength in the lower extremities, and his normal gait and station on examination by Dr. Keown, as well as with his self-stated pain of only one on a scale of one to ten with activity.

AR 22. This statement contains inaccuracies, however. The ALJ again emphasizes Plaintiff's "self-stated pain of one," ostensibly referencing the June 29, 2010 office visit with physician assistant Kristine Germann, AR 22, 308, but fails to indicate that this self-reported pain metric involves only the left knee. AR 308. It does not refer to Plaintiff's additional complaint that he is "having pain

15

in his lumbar spine." AR 308. The ensuing sentence in the report notes that Plaintiff had undergone x-rays and an MRI due to such pain, which ultimately revealed degenerative disc disease with stenosis and compression on the left lateral nerve roots at the L5-S1 level. AR 322. Notably, Plaintiff reported pain intensity of eight out of ten due to back pain on June 9, 2010, AR 332, and pain intensity of nine out of ten on July 13, 2010 due to "low back and right hip pain shooting down" his right and left legs. AR 316. The ALJ's multiple references to Plaintiff's "self-stated pain of one," AR 22, are thus incomplete and misleading representations of Plaintiff's overall condition. Significantly, the ALJ relied on this misrepresentation in dismissing the opinion of Dr. Williams. AR 22. The medical opinion of a treating physician must be accorded greater weight than the opinion of a physician employed by the government to defend against a disability claim. *Hall v. Bowen*, 837 F.2d 272, 276 (6th Cir. 1988) (internal citations omitted). If the ALJ discounts the opinion of the treating physician, she must give *good* reasons for doing so. *Essary v. Comm'r of Soc. Sec.*, 114 F. App'x 662, 667 (6th Cir. 2004) (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 545-46 (6th Cir. 2004)) (emphasis added). The ALJ in this case based her rejection of Dr. Williams' opinion at least partially on inaccurate reasoning.

Additionally, the ALJ claims that Plaintiff has full muscle strength in the lower extremities, based on Dr. Keown's examination on April 30, 2010. AR 22, 295-97. However, Plaintiff demonstrated "noted quadriceps weakness" in his left lower extremity approximately two months after the examination by Dr. Keown. AR 308. As a result, it was recommended that Plaintiff undergo "an aggressive quadriceps strengthening program." AR 308. This contradictory evidence was not addressed anywhere in the ALJ's opinion.

Furthermore, the ALJ claims that the RFC assigned to Plaintiff is "supported by the examination findings, which have been relatively benign, as well as [] the [Plaintiff's] lack of treatment since July 2010 and [] his modest pain level as reported to his treating orthopedist in June 2010." AR 23. This opinion ignores the objective diagnostic findings, however, which revealed degenerative disc disease with stenosis and compression on the left lateral nerve roots at the L5-S1 level. AR 322. Moreover, as previously discussed, Plaintiff's self-reported "modest pain level" referred only to his left knee, AR 308, and did not involve his complaints of severe back pain. AR 316, 332. The ALJ failed to make this distinction in her analysis. Although an ALJ does not need to discuss every piece of evidence in the record, she may not ignore evidence that is contrary to her ruling. *Craig v. Colvin*, No. 3:12-CV-00333, 2014 WL 1287178, at *12 (M.D. Tenn. Mar. 28, 2014) (internal citations omitted)

The RFC assigned to Plaintiff included light work as defined in 20 CFR 404.1567(b) and 416.967(b), with additional restrictions of no climbing of ladders, no crawling, and only occasional climbing of stairs, balancing, stooping, bending, crouching, or kneeling. AR 20. The ALJ states that the RFC is derived from the "assessment of consultative examiner Dr. Keown" and the "opinions of the State agency medical consultants, which are partially adopted . . . ." AR 23. However, the ALJ misstates the opinion of one of the State agency medical consultants on whom she relied by stating that Dr. Gulbenk limited Plaintiff to "standing or walking for three to four hours in an eight-hour workday . . . ." AR 22. Dr. Gulbenk actually limited Plaintiff to two hours of standing or walking during a normal workday. AR 345. In addition to this error, the ALJ failed to incorporate any restrictions on Plaintiff's walking or standing in the RFC despite the fact that every medical provider who treated Plaintiff or examined his records recommended some level of walking and

17

standing restriction. AR 297, 299 312, 345. This includes the State agency medical consultants on whom the ALJ based the RFC.

Finally, despite the ALJ's statement otherwise, Plaintiff sought treatment *after* July of 2010, which included an x-ray of the left knee on June 14, 2011. AR 353. The x-ray revealed "calcification involving the medial collateral ligament" and lateral subluxation of the patella. AR 353. The report also notes that the x-ray was requested by Plaintiff's treating physician, Dr. Richard Williams, AR 353, thus disproving the ALJ's statement that Plaintiff failed to seek treatment after July of 2010. AR 23.[7] The ALJ appears to have disregarded this medical evidence in her analysis of Plaintiff's treatment.

While an ALJ can consider all medical records without directly addressing every piece of evidence in her opinion, inaccuracies, incomplete analysis, and unresolved conflicts of evidence can serve as a basis for remand. *Karger v. Comm'r of Soc. Sec.*, 414 F. App'x 739, 749 (6th Cir. 2011). Based on the ALJ's failure to consider relevant evidence pertaining to Plaintiff's knee and lower back condition, her misrepresentation of Plaintiff's reported pain levels, and her rejection of Dr. Williams' opinion based on faulty reasoning, the Court finds that the record in this case has not been fully and fairly developed. It is therefore recommended that this case be remanded for rehearing to include further consideration of Plaintiff's lumbar condition and the opinion of Dr. Richard Williams. On remand, the ALJ should provide additional discussion of Plaintiff's alleged lower back condition, but need not consider the additional records submitted by Plaintiff to

---

[7] Of note, Plaintiff sought treatment on multiple occasions after July of 2010, including treatment with Dr. Matthew Rupert and/or Dr. Allen Sills on September 8, 2010 (AR 360), September 21, 2010 (AR 365), and October 14, 2010 (AR 368). The Court does not include these records in its analysis, however, as they were unavailable to the ALJ at the time of her decision, as discussed *supra*.

the Appeals Council, AR 357-68, as such records were not available to the ALJ at the time she issued her January 6, 2012 opinion.

## V. RECOMMENDATION

For the above stated reasons it is recommended that Plaintiff's motion for miscellaneous relief (DE 13) be GRANTED and that this case be REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for additional consideration of Plaintiff's claims.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully Submitted,

BARBARA D. HOLMES
United States Magistrate Judge